## J. V. Baxter v. The State.

No. 19142.   Delivered December 8, 1937.
Rehearing Denied January 26, 1938.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was indicted for the murder of D. J. Bennett in Floyd County, Texas, and upon his trial was found guilty of murder without malice and awarded a penalty of three years in the penitentiary.

The killing was claimed to have been caused by the use of insulting words to appellant's wife, the difficulty having occurred in appellant's home, where the deceased was temporarily residing with appellant's family.

There is but one bill of exceptions found in the record, and in this bill of exceptions appellant complains of certain remarks in the closing argument of the district attorney to the effect that prior to the transaction for which he was on trial appellant had engaged in several fist fights. An examination of the record discloses that no objection was made to the cross-examination of appellant concerning these transactions at the time, and that

it was not until the conclusion of the entire testimony that appellant requested the court to withdraw said testimony from the consideration of the jury. This request was promptly granted, and the jury were admonished that such testimony should not be considered for any purpose, and same was withdrawn by the court from their consideration, both orally and by written instruction. The appellant's objection to the district attorney's argument was promptly sustained, and the district attorney was admonished, in the presence of the jury, that the testimony concerning appellant's prior difficulties had been withdrawn from the jury, and there was no such evidence in the record. At this juncture the district attorney stated that he was referring to the fact that he was talking about the defendant winking at Bert Gilliland's girl, and the court at such time stated that no such testimony was before the jury. In view of the fact that the testimony had gone to the jury without objection, and the court had again admonished the jury that none of such testimony should be considered by them for any purpose, and not to consider any remarks of the district attorney relative thereto, it seems to us that if there was any error therein same may have been invited by appellant's attorney.

It seems to us that the trial court submitted this cause to the jury in a carefully considered and admirable charge, that the testimony relative to appellant's purported fist fights went in without objection, and when objection thereto was made to the court, after the evidence was all in, he very promptly excluded the same by an oral as well as a written charge relative thereto; and when the district attorney transgressed his ruling he promptly reiterated such charge, and upon the district attorney's attempt to justify himself by claiming to have been referring to the episode of winking at a girl, which appellant had denied, the court, in an excess of caution, again advised the jury that such testimony was withdrawn from them and they should not consider the same for any purpose.

Appellant's attorney allowed the questions to be propounded to the appellant without objection, and was responsible to some extent for the testimony being in the record. Later he decided that such testimony had a damaging effect upon his case, and immediately, upon his objection being called to the court's attention, the court's withdrawal of same from the jury, and his immediate admonition to the jury, should have cured, and we think did cure, the evil caused by the unfortunate remarks of the district attorney.

Believing as we do, this cause will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again stresses the only bill of exception found in the record, which was discussed in our original opinion, and which relates to complaint of the argument of the district attorney. It was improper for him to refer to evidence which had been withdrawn, and in some instances cases have been reversed on that ground. In determining whether such an occurrence would demand a reversal the whole record must be looked to and not the particular incident complained of. When the entire record is considered, in connection with the prompt action of the court in withdrawing the objectionable remark, we are not impressed with the view that we would be justified in ordering a reversal.

The motion for rehearing is overruled.

*Overruled.*